# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-659-JDR-MTS

Jyoti Govindram Iyer,

*Plaintiff*,

*versus*

The University of Tulsa,

*Defendant*.

## OPINION AND ORDER

Plaintiff Jyoti Govindram Iyer, proceeding *pro se*,[1] filed a complaint with the Equal Employment Opportunity Commission for alleged employment discrimination relating to her failure to receive tenure as a professor at Defendant the University of Tulsa. Dkt. 2-2.[2] After receiving her right to sue letter, she sued the University under Title VII of the Civil Rights Act for termination of her employment, failure to promote, unequal terms and conditions, retaliation, and "Hostile work environment." Dkt. 2 at 4. She alleges the University discriminated against her based on her race, color, gender, and national origin. *Id.*

The University moves to dismiss Dr. Iyer's hostile work environment claim on the basis that it was not properly pleaded in her initial EEOC charge

---

[1] Since Dr. Iyer proceeds *pro se*, the Court must construe her pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). But the Court must not "assume the role of [her] advocate" while doing so. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] All citations use CM/ECF pagination.

No. 25-cv-659

and that any actions supporting her hostile work environment claim were more than three hundred days before her EEOC charge and therefore untimely. Dkt. 10 at 3, 9. Dr. Iyer argues that her EEOC charge detailed "a series of related events" which "collectively" subjected her to a hostile work environment. Dkt. 15 at 10. The Court rules that Dr. Iyer's initial EEOC charge did not sufficiently state her hostile work environment claim and grants the University's motion to dismiss the hostile work environment cause of action.

I

To bring a claim under Title VII of the Civil Rights Act of 1964, a plaintiff must exhaust her administrative remedies by first filing a charge with the EEOC and include the "facts concerning the discriminatory and retaliatory actions underlying each claim" the party wishes to levy. *Sanderson v. Wyoming Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020). The charge defines the "reasonable and likely scope of the [EEOC's] investigation" and thus must provide a basis for the legal claims a party wishes to raise later. *Id.* These later claims must be "reasonably related" to the allegations in the charge such that "the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made." *Edwards v. Creoks Mental Health Servs., Inc.*, 505 F. Supp. 2d 1080, 1092 (N.D. Okla. 2007) (quoting *Deravin v. Kerik*, 335 F.3d 195, 200-01 (2d Cir. 2003)) (alteration in original).

To determine whether a party's claim for a hostile work environment is reasonably related to her administrative charges, "the Court first looks to the language of the charge itself." *Id.* at 1092. The Court then must consider if the investigation of the claims alleged within the charge could reasonably be expected to lead to a hostile work environment claim, in that the plaintiff "must allege facts indicating a workplace permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (quoting *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th

No. 25-cv-659

Cir. 1998)) (quotation marks removed). Relevant to the inquiry are "the frequency of the [alleged] discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Morris v. City of Colorado Springs*, 666 F.3d 654, 664 (10th Cir. 2012). But when interpreting an EEOC charge, the charge "should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 406 (2008).

## II

Dr. Iyer's EEOC charge states that she began her employment in August 2018. Dkt. 2-2 at 1. She alleges the University began discriminating against her in November of that year, when she was "forced to meet more stringent requirements for research protocol approval than other faculty" which led her to file a grievance. *Id.* She then alleges that in October 2020 she "was required to manually caption [her] lectures as the automatic captioning software did not recognize [her] accent." *Id.*

She then alleges that in January 2021 a colleague "smashed a university phone to pieces in anger" and, in August of that year, "behaved in a hostile manner with [Dr. Iyer] in the hallway." *Id.* And despite Dr. Iyer's report of this behavior, the colleague was appointed the chair of Dr. Iyer's performance review committee. *Id.*

She alleges that in May 2022 she was issued a letter of reprimand, after which she responded by filing a grievance against a University official, leading to the University President to "sen[d] [her] a threatening letter in retaliation." *Id.* A year later she was "accused of creating a hostile environment in [her] lab" among other claims, and she was disciplined as a result. *Id.* at 1-2. She alleges that she filed a grievance in response and that during the

3

resolution of her grievance her tenure and promotion "were then denied without basis." *Id.* at 2.

Considering these allegations together, Dr. Iyer alleges that different University officials and employees engaged in several discrete discriminatory actions against her over a period of years. Although she is correct that a hostile work environment claim may develop out of a set of distinct actions, a hostile work environment consists of a "steady barrage" of opprobrious behavior. *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005). "Isolated" or "sporadic" incidents of discrimination do not give rise to a hostile work environment. *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1412 (10th Cir. 1987).

Dr. Iyer's EEOC charge does not allege the existence or provide the EEOC an indication of a "steady barrage" of behavior "indicating a workplace permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Chavez*, 397 F.3d at 832; *Edwards*, 505 F. Supp. 2d at 1092. Her most serious allegations, involving a single colleague who "smashed a university phone to pieces in anger" and "behaved in a hostile manner with [her] in the hallway" detail two events that Dr. Iyer states were seven months apart. Dkt. 2-2 at 1. She does not allege any discriminatory actions in the interim. *Id.* Her other allegations are similarly separated by gulfs of months or years. *Id.* at 1-2. These allegations are sporadic incidents of discrimination, not of the type of "steady barrage" necessary to alter the conditions of her employment. *Chavez*, 397 F.3d at 832. And although Dr. Iyer's EEOC charge characterizes the offense as a "continuing action," that statement is insufficient to make her allegations reasonably related to a hostile work environment claim without further allegations of a regular pattern of behavior altering the conditions of her employment. Dkt. 2-2 at 1.

Separately, the Court could consider whether the alleged actions of the University in "accus[ing] [Dr. Iyer] of creating a hostile environment in her lab" and her ensuing discipline and failure to receive tenure and a promotion qualify as a "steady barrage" separate from the actions from months or years before that Dr. Iyer alleges. Dkt. 2-2 at 1-2; *Chavez*, 397 F.3d at 832. But these actions likewise do not "indicat[e] a workplace permeated with discriminatory intimidation, ridicule, [or] insult" necessary to "create an abusive working environment." *Edwards*, 505 F. Supp. 2d at 1092. Even assuming these actions were discriminatory, they were not "physically threatening or humiliating," and Dr. Iyer did not state that the actions "unreasonably interfere[d] with [her] work performance" sufficient to render her work environment "hostile or abusive." *Morris*, 666 F.3d at 664.

Without additional facts demonstrating a steady barrage, the Court cannot find that the EEOC investigation would "reasonably be expected" to lead to a hostile work environment claim. *Edwards*, 505 F. Supp. 2d at 1092. Dr. Iyer thus failed to exhaust her administrative remedies to pursue her hostile work environment claim, and the Court may not permit the claim to proceed.

### III

For the reasons stated above, the Court grants the University's motion to dismiss Dr. Iyer's hostile work environment claim. Dkt. 10.

DATED this 3d day of March 2026.

_____
JOHN D. RUSSELL
*United States District Judge*